**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 4:22-cr-00084 KGB**

**CLEOTIS WILLIS** **DEFENDANT**

**ORDER**

Before the Court is the issue of defendant Cleotis Willis's competency to proceed and to determine the existence of insanity at the time of the offense pursuant to 18 U.S.C. §§ 4241 and 4242.

**I. Background**

Previously, the Court granted a motion for psychiatric exam filed by Willis (Dkt. Nos. 46; 48). On December 6, 2024, the Court received, docketed under seal, and shared with counsel the psychiatric report received (Dkt. No. 57). Coinciding with receipt of that report, the Court granted counsel Gary Corrothers' motion to be relieved as counsel for Willis and appointed counsel Chris Baker (Dkt. No. 61). Throughout this case, Willis has requested at times to represent himself and complained about all counsel who have been appointed (*see* Dkt. Nos. 71; 72; 73; 75; 76; 77; 79). Baker continues to represent Willis, based on rulings made by this Court.

The Court has conducted multiple status hearings to understand Willis's position with respect to his competency to proceed and to determine the existence of insanity at the time of the offense pursuant to 18 U.S.C. §§ 4241 and 4242 (*see* Dkt. Nos. 72; 73; 80; 81; 87; 88; 91; 98; 99).

Willis has filed notice of evidence under Federal Rule of Criminal Procedure 12.2 stating that he "currently intends to introduce expert evidence relating to a mental disease, mental defect, or any other mental condition. . . bearing on either guilt or punishment." (Dkt. No. 84). The Court

observes that, pursuant to 18 U.S.C. § 17(b), defendant has the burden of proving the defense of insanity by clear and convincing evidence and that, pursuant to 18 U.S.C. § 17(a), "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." Otherwise, mental disease or defect does not constitute a defense. *Id.*

In an effort to move this case toward trial, the Court set and conducted hearings on the status of this case and issues of competency, including but not limited to Willis's effort to develop related evidence (Dkt. No. 100; 102; 103; 104; 105).

**II. 18 U.S.C. § 4241 – Competency To Stand Trial**

Based upon the full record in this case, the Court, on its own motion, orders Willis to receive a second, current competency evaluation pursuant to 18 U.S.C. § 4241 to determine whether Willis is competent to proceed to trial.

Accordingly, Willis is committed to the custody of the United States Marshals Service to await designation of a Bureau of Prisons facility where the psychiatric or psychological examination will be performed. The United States Marshals Service for the Eastern District of Arkansas is directed to notify the Court immediately upon receipt of Willis's facility designation. The Court will schedule a competency hearing to follow this evaluation by separate order. The delay resulting from the proceedings to determine Willis's competency to proceed to trial is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A).

The Court directs that, for evaluation by the Bureau of Prisons of competency to proceed to trial pursuant to 18 U.S.C. § 4241, the evaluator be provided with a copy of the under seal Order entered by this Court on August 3, 2026, and all docket entries and documents referenced in that

under seal Order as well as a copy of Willis medical records previously obtained by this Court from the United States Marshal Service and provided to all counsel of record after the Court entered that August 3, 20206, Order. The Court also directs that the evaluator be provided with a copy of the transcript of the October 14, 2026, hearing conducted by this Court and all exhibits received by the Court at that hearing. The evaluator may request any other materials or docket entries the evaluator would like to examine.

**III. 18 U.S.C. § 4242 – Existence Of Insanity At The Time Of The Offense**

The Court understands Willis to have complied with Federal Rule of Criminal Procedure 12.2(a) and to have provided notice of intent to pursue an insanity defense by his filing on March 24, 2026 (Dkt. No. 84).

The Court directs Willis to, within 14 days from the date of this Order, comply with Federal Rule of Criminal Procedure 12.2(a) and to provide notice of his intent to introduce expert evidence relating to a mental disease or defect or any other mental condition of Willis bearing on the issue of guilt. To the extent Willis seeks additional time to comply with this requirement, he must file a motion making such a request and specify the length of time he anticipates will be required for him to comply with this Order.

At this time, the Court does not direct any further evaluation by the Bureau of Prisons as to the existence of insanity at the time of the offense pursuant to 18 U.S.C. § 4242. The Court previously ordered and received that report from the Bureau of Prisons (Dkt. Nos. 46; 57).

To the extent counsel for the government seeks any further evaluation of Willis pursuant to Federal Rule of Criminal Procedure 12.2(c) at this time, the government should file an appropriate motion with the Court within 14 days from the entry of this Order.

Likewise, to the extent Willis believes he is entitled to have the Bureau of Prisons perform any evaluation on his behalf with respect to issues related to 18 U.S.C. § 4242 at this time, Willis should file an appropriate motion with the Court within 14 days from the entry of this Order, especially in the light of Willis's previously filed under seal requests, this Court's rulings on those requests, and Willis failure to file anything further under seal or on the docket regarding these requests (Dkt. No. 94).

Any such motions for further evaluation by the Bureau of Prisons as to the existence of insanity at the time of the offense pursuant to 18 U.S.C. § 4242 must set out with specificity the evaluation to be performed and cite specific authority in support of such request.

At this time, the Court continues to hold under advisement the issue of whether to adopt the findings of the psychiatric report filed under seal in this matter on December 6, 2024, resulting from the evaluation of Willis (Dkt. No. 57).

It is so ordered this 26th day of October, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge