**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 4:22-cr-00084 KGB**

**CLEOTIS WILLIS** **DEFENDANT**

# ORDER

The Court, on its own motion, ordered defendant Cleotis Willis to receive a second, current competency evaluation pursuant to 18 U.S.C. § 4241 to determine whether Willis is competent to proceed to trial. The Court reached out to the United States Marshal for the Eastern District of Arkansas and was informed that Willis had been designated to MDC Los Angeles, in Los Angeles, California, for the examination. Accordingly, the United States Marshal transported Willis to MDC Los Angeles, in Los Angeles, California, on November 4, 2026, and Willis arrived at MDC Los Angeles, in Los Angeles California, on November 12, 2026, forthwith.[1]

Pursuant to 18 U.S.C. § 4247(b) and (c), Willis shall be remanded to the custody of the Attorney General or his authorized representative for a period not to exceed thirty (30) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241 and that unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court. At this time, the Court does not direct any further evaluation by the Bureau of Prisons as to the existence of insanity at the time of the offense pursuant to 18 U.S.C. § 4242.

Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorney John Ray White, 425 West Capitol Avenue, Suite 500, Little Rock, Arkansas, 72201, and to counsel for the

[1] Based on 18 U.S.C. § 3161(h)(1)(F), time consumed by transportation in excess of ten (10) days from today is presumed unreasonable under the Speedy Trial Act.

defendant, Chris Baker, Parker-Baker, PLLC, 1001 La Harpe Boulevard, Suite 5, Little Rock, Arkansas 72201.

The report must state whether Willis is suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Fourteen (14) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities. If no motions are filed within fourteen (14) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.[2]

It is therefore ordered that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (F) and (h)(7)(A). Subsection (h)(1)(F) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

It is so ordered this 18th day of November, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge

[2] 18 U.S.C. § 3161(h)(1)(A).